1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEFFREY MARSHALL,

11              Plaintiff,              No. CIV S-04-1694 LKK PAN P

12        vs.

13   SHERIFF GARY R. STANTON,
     et al.,
14
                Defendants.            ORDER
15   _____/

16              Plaintiff is a former county jail inmate and former state prisoner proceeding pro se

17   and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Defendant Gary

18   Stanton, the Sheriff of Solano County,[1] has filed a motion to dismiss pursuant to Fed. R. Civ. P.

19   12(b)(6) and a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

20   Defendant's motions raise several challenges to the sufficiency of plaintiff's complaint.

21              Section 1915(e)(2) of Title 28 of the United States Code requires a court to

22   dismiss a case brought under the in forma pauperis statute "at any time" if the court finds, inter

23   alia, that the action fails to state a claim upon which relief may be granted.  A complaint, or

24   portion thereof, should only be dismissed for failure to state a claim upon which relief may be

25   _____

26        [1] Defendant Stanton is the only defendant remaining in this action.  See Orders filed
     November 22, 2004 and August 5, 2005.

                                          1

1   granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

2   or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)

3   (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners

4   Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the

5   court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex

6   Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

7   plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421

8   (1969).

9        Plaintiff's complaint, filed August 16, 2004, is a lengthy pre-printed form

10  complaint that purports to be a class action lawsuit against individuals or entities whose names

11  are filled in on the blank spaces throughout the form.  Plaintiff is a non-lawyer proceeding

12  without counsel.  It is well established that a layperson cannot ordinarily represent the interests of

13  a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost

14  absolute when, as here, the putative class representative is incarcerated and proceeding pro se.

15  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot

16  "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the

17  Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).

18  For these reasons, this action cannot proceed as a class action.

19       The form complaint contains numerous allegations of alleged constitutional

20  violations at the jail facility in California filled in by the plaintiff, in this case the Solano County

21  Jail.  Those alleged violations include opening inmates' legal mail, unreasonably limiting visiting

22  rights, secretly taping inmates' conversations during visits, denying inmates visitation, access to

23  a telephone, a private location to meet with counsel, reasonable access to a law library, adequate

24  opportunity for outdoor exercise,  the opportunity and items necessary for personal hygiene,

25  adequate nutrition, educational programs, adequate heating, cooling, ventilation and sanitation,

26  adequate medical, psychiatric and dental care, failing to protect inmates from other detainees,

1   arbitrarily imposing unjustified and sometimes cruel punishments, physically brutalizing inmates,

2   refusing to permit inmates to practice their religion, prohibiting inmates from receiving phone

3   calls and from receiving books, newspapers and other written material through the mail, and

4   conducting unreasonable searches and seizures.  The complaint seeks declaratory and injunctive

5   relief.

6           For the reasons set forth supra, plaintiff cannot represent the interests of a class in

7   this action.  Instead, in order to satisfy the standing requirement of Article III of the United States

8   Constitution, plaintiff's complaint must include allegations that show plaintiff himself "suffered

9   (1) an 'injury in fact' that is (2) 'fairly traceable'" to acts or omissions by the defendant, and

10  which injury "is 'likely [to be] redressed by a favorable decision.'"  Jackson v. California Dept.

11  of Mental Health, 399 F.3d 1069, 1071 (9th Cir. 2005) (quoting Friends of the Earth, Inc. v.

12  Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)).  Plaintiff has placed a check

13  mark beside several of the alleged violations of inmates' ability to have "meaningful and

14  adequate contact with the general community." (Complaint, at 11.)  The check marks, however,

15  are insufficient to render the sentences by which they are placed allegations of personal injury to

16  plaintiff,  and nowhere else in the form complaint is there any indication which, if any, of the

17  numerous deprivations alleged therein caused actual injury to plaintiff.

18          For the foregoing reasons, the complaint does not confer Article III standing on

19  plaintiff.  It also does not contain a short and plain statement of a claim as required by Article

20  IIFed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

21  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

22  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

23  least some degree of particularity overt acts which defendant engaged in that support plaintiff's

24  claim.  Id.  He must also, as noted above, allege how those alleged acts caused injury to plaintiff

25  himself.  The complaint must, therefore, be dismissed.  The court will, however, grant leave to

26  file an amended complaint.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5  there is some affirmative link or connection between a defendant's actions and the claimed

6  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

9  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

12  amended complaint be complete in itself without reference to any prior pleading.  This is

13  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16  original complaint, each claim and the involvement of each defendant must be sufficiently

17  alleged.

18    The dismissal of plaintiff's complaint moots defendant's pending motions.  The

19  motions will therefore be denied without prejudice to defendant's right to raise some or all of the

20  arguments contained in either motion in response to any amended complaint filed by plaintiff.

21  Defendant will not, however, be required to file any response to an amended complaint unless

22  and until he is ordered to do so after the court screens plaintiff's amended complaint pursuant to

23  28 U.S.C. § 1915A.

24    The dismissal of plaintiff's complaint also requires the court to reset the dates set

25  in the scheduling order filed October 27, 2005.  A revised scheduling order will be issued, as

26  appropriate, following the filing of an amended complaint.  Defendant's July 25, 2006

4

1  application for extension of time to file a pretrial statement is mooted by this order and will

2  therefore be denied.

3        On August 2, 2006, plaintiff filed a motion for a three week extension of time to

4  comply with any deadlines in this action due to an upcoming move from Suisun City to Vallejo.

5  On August 8, 2006, plaintiff filed a pretrial statement which includes a return address in Vallejo,

6  California.  Good cause appearing, plaintiff's address of record will be changed to the address on

7  the pretrial statement filed August 8, 2006.  Plaintiff is cautioned that pursuant to Local Rule he

8  must file with the court and serve on defendant a Notice of Change of Address in accordance

9  with the requirements of Local Rule 83-182(f) whenever his address of record changes, and that

10  failure to comply with the requirements of this rule may result in the dismissal of this action.

11  Plaintiff's request for extension of time will be denied as unnecessary.

12        In accordance with the above, IT IS HEREBY ORDERED that:

13        1.  Plaintiff's complaint is dismissed.

14        2.  Plaintiff is granted thirty days from the date of service of this order to file an

15  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

16  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

17  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

18  an original and two copies of the amended complaint; failure to file an amended complaint in

19  accordance with this order will result in a recommendation that this action be dismissed.

20        3.  Defendant is not required to respond to any amended complaint until further

21  order of court.

22        4.  Defendant's September 30, 2005 motion to dismiss is denied without

23  prejudice.

24        5.  Defendant's April 13, 2006 motion for judgment on the pleadings is denied

25  without prejudice.

26  /////

5

1       6.   The dates set in the scheduling order filed October 27, 2005 are vacated and

2   will be reset, as appropriate, in a revised scheduling order to be issued following the filing by

3   plaintiff and screening by the court of an amended complaint in accordance with this order.

4       7.   Defendant's July 25, 2006 application for an extension of time is denied as

5   moot.

6       8.   Plaintiff's August 2, 2006 motion for an extension of time is denied as

7   unnecessary.

8       9.   The Clerk of the Court is directed to serve a copy of this order on plaintiff at

9   the following address:  500 Lincoln Road East, Vallejo, California.  94590.

10   DATED:  August 16, 2006.

11

12                                                                                              _____

13                                                         UNITED STATES MAGISTRATE JUDGE

14

15   12
   mars1694.14

16

17

18

19

20

21

22

23

24

25

26